The opinion of the court was delivered by
Gibson, J.
Did it conclusively appear, that the legislature intended to forbid the circulation of the notes of unauthorized bankers, it w’ould be our duty, in furtherance of their, intention, to declare the passing of the note, fur which the plaintiff in error is indicted, not to be an offence. But there is such moral turpitude in the act, and it is, in.its eonseqoenc.es, so prejudicial to the public, that nothing but the clearest expression of the legislative will would justify us in saying that those who receive, and by their acts give currency to the notes of unauthorized bankers, are not within the protection of the law. The legislature have prohibited the issuing of notes, in the nature of bank-notes by individuals, or associations who have not been incorporated for the purpose; and, with the intention of impeding their circulation, at one time went further, by declaring them void in the hands of the holder. Experience, however, soon proved, that to prevent their circulation was impossible; and that to prohibit the recovery of them by action, was rather an encouragement to the issuing of them than a restraint; in consequence of which, the impediment attempted to be thrown in the way of their circulation was withdrawn, by declaring that suits might be maintained on them; while the prohibition against the issuing of them, was suffered to remain. On what ground, then, can it be maintained, that it is not indictable to utt.er and publish them, knowing them to be forged. They are as available in the hands of the holder, as if they were lawfully issued, and under our act of assembly are the subject of larceny. It, would be going loo *238 far, then, to say that the public should be exposed to the frauds of a most unprincipled class of offenders, on the ground of a supposed policy in restraining the circulation of a species of paper currency, which is expressly declared to be available in the hands of the holder, merely because the legislature has imposed a penalty on the issuing of it. I am therefore satisfied, that the judgment of the court below is warranted by the law.
Judgment affirmed.